ALONZO W. MORRIS, JR., Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 733, 2009.
Supreme Court of Delaware.
Submitted: April 14, 2010.
Decided: April 30, 2010.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 30th day of April 2010, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Alonzo W. Morris, Jr., filed an appeal from the Superior Court's November 17, 2009 order denying his motion for "writ of error coram nobis." The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm.
(2) In March 2000, a Superior Court jury found Morris guilty of Assault in the First Degree and Possession of a Deadly Weapon During the Commission of a Felony. On direct appeal, this Court reversed the Superior Court's judgment.[2] Morris' subsequent petition for a writ of prohibition was denied by this Court.[3] At Morris' retrial in November 2002, he again was found guilty of assault and the weapon violation. This Court affirmed Morris' convictions on direct appeal.[4]
(3) Morris subsequently sought postconviction relief in the Superior Court. The Superior Court's denial of his postconviction motion was affirmed by this Court.[5] After unsuccessfully petitioning for mandamus relief in this Court,[6] Morris filed a petition for a "writ of error coram nobis" in the Superior Court, which requested a review of the evidence supporting probable cause for his arrest. The instant appeal is from the Superior Court's denial of his petition on the ground that the writ of coram nobis has been abolished in Delaware and, treating the petition as a postconviction motion, it is procedurally barred under Rule 61(i)(1), (2), (3), and (4).
(4) In his appeal, Morris claims that the Superior Court erred and abused its discretion when it denied his petition. According to Morris, a) there is no remedy available to him other than a "writ of error coram nobis"; b) there was insufficient probable cause for his arrest; and c) his claims should be reviewed on their merits under the "fundamental fairness" exception of Rule 61(i)(5).
(5) The writ of error coram nobis was an ancient common law writ of error that has been abolished in Delaware and replaced by modern rules of procedure for reopening a judgment.[7] In Delaware, Rule 61 is the exclusive remedy for seeking to set aside a final judgment of conviction.[8] Even viewed as a postconviction motion under Rule 61, Morris' motion clearly is procedurally barred as untimely, repetitive, procedurally defaulted and formerly adjudicated. Moreover, Morris has presented no evidence to support reconsideration of any of his claims under the "fundamental fairness" exception. As such, we conclude that the Superior Court properly denied Morris' motion.
(6) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Supr. Ct. R. 25(a).
[2] Morris v. State, 795 A.2d 653 (Del. 2002).
[3] In re Morris, Del. Supr., No. 513, 2002, Holland, J. (Nov. 4, 2002).
[4] Morris v. State, Del. Supr., No. 21, 2003, Steele, C. J. (Mar. 3, 2004).
[5] Morris v. State, Del. Supr., No. 215, 2005, Jacobs, J. (Apr. 13, 2006).
[6] In re Morris, Del. Supr., No. 525, 2009, Berger, J. (Sept. 30, 2009).
[7] Heron v. State, Del. Supr., No. 392, 2000, Veasey, C.J. (Jan. 17, 2001).
[8] Id.